IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY FRAKES, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-14-1753 | |
| § | | |
| SERGEANT BILLY MASDEN, *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This civil rights case is before the Court on the Motion to Dismiss [Doc. # 9] filed by Defendant Sergeant Billy Masden, asserting qualified immunity.[1] Plaintiff filed a Response [Doc. # 10], and Sgt. Masden neither filed a reply nor requested additional time to do so. Having reviewed the full record and applicable legal authorities, the Court **denies** the Motion to Dismiss without prejudice.

## I.  BACKGROUND

Plaintiff is a 66-year-old retired veterinarian who lives in Magnolia, Texas. He alleges that drivers frequently wrecked into and damaged his fence and, therefore, he placed his telephone number on signs along the fence so he could be contacted when a driver hit the fence near his home.

---

[1]  The record indicates that the only other Defendant, Captain Dustin Ott, has been served but has not yet appeared.

Plaintiff alleges that on June 11, 2013, he received a telephone call that a vehicle had wrecked into his fence. Plaintiff alleges that he took his camera and his shotgun to the scene. Captain Ott and the local fire department were already at the scene when Plaintiff arrived.

Plaintiff alleges that he approached Captain Ott in a calm manner. Captain Ott asked Plaintiff why he had a shotgun with him, and Plaintiff alleges that he responded that he had "a right to carry a shotgun on his own property." *See* First Amended Complaint [Doc. # 7], ¶ 12. Plaintiff alleges that Captain Ott "then called for backup because there was a man with a gun at the scene." *Id.* Plaintiff alleges that neither Captain Ott nor anyone else at the scene "expressed any concern that Dr. Frakes was interfering with or hindering the accident investigation." *Id.* Plaintiff alleges that he then placed the shotgun "down by a tree" in order to take photographs of the damage to the fence and the vehicle that caused the damage. Plaintiff alleges that he did not point the shotgun at anyone "or threaten anyone in any manner." *See id.*, ¶ 13.

Plaintiff alleges that Sgt. Masden "got a call that there was a man with a gun at the scene on Dr. Frakes' property where Dr. Frakes' fence was damaged." *See id.*, ¶ 14. Plaintiff alleges that he told Sgt. Masden that he was the property owner, that he was taking photographs, and that "he is allowed to carry a shotgun on his own

property." *See id.* Plaintiff alleges that he again told Captain Ott and Sgt. Masden "that it is legal to carry a shotgun on your own property." *See id.*

Plaintiff alleges that Sgt. Masden "grabbed" him, searched him, handcuffed him, and placed him in the back of Captain Ott's vehicle. *See id.*, ¶ 15. Plaintiff alleges that Sgt. Masden told him that he could not "bring a gun to an accident scene." *See id.* Plaintiff alleges that it was very hot in the police car and that the handcuffs were "too tight." *See id.* Plaintiff alleges that he was in the police car for about 15 minutes. *See id.*, ¶ 17.

## II.   STANDARD FOR QUALIFIED IMMUNITY

Qualified immunity shields a government official performing discretionary functions from civil liability unless his conduct violates a constitutional right that was sufficiently clear that a reasonable official would understand his alleged conduct violates the constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201-02 (2001); *Jacobs v. W. Feliciana Sheriff's Dept.*, 228 F.3d 388, 393 (5th Cir. 2000). A constitutional right is clearly established when the contours of the right are so clear that "a reasonable official would understand that what he is doing violates that right." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009). The Court must consider whether the defendant's conduct "would, as a matter of law, be objectively unreasonable in light of clearly established law." *Kinney v. Weaver*, 367 F.3d 337,

346 (5th Cir. 2004) (*en banc*). "[A] defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001). "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*)). A plaintiff in a § 1983 case must plead specific facts that, if proved, would overcome the individual defendant's qualified immunity defense. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988); *Cobb v. City of Harahan*, 516 F. App'x 337, 340 (5th Cir. Mar. 11, 2013). "Further, plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Id.* (quoting *Geter*, 849 F.2d at 1553). If qualified immunity is raised in a motion to dismiss, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.'" *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996). "[Q]ualified

immunity questions should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

### III. ANALYSIS

#### A. Detention Versus Arrest

Plaintiff alleges that Sgt. Masden violated his rights under the Fourth and Fourteenth Amendments.[2] There are different "tiers of citizen-police contact for purposes of fourth amendment analysis." *U.S. v. Massi*, __ F.3d __, 2014 WL 3805465, *4 (5th Cir. Aug. 1, 2014) (citations omitted). The first tier involves communications between police and citizens that involve "no coercion or detention and [do] not implicate the fourth amendment." *Id.* (quoting *U.S. v. Zukas*, 843 F.2d 179, 181 (5th Cir. 1988)). The second tier of contact involves a brief seizure for investigative purposes that requires reasonable suspicion – "'specific and articulable facts, which taken together with rational inferences from these facts reasonably warrant an intrusion.'" *Zukas*, 843 F.2d at 181 (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). "The third tier is 'a full scale arrest [which] must be supported by probable

---

[2] The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, guarantees individuals the right to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV.

cause.'" *Massi*, __ F.3d at __, 2014 WL 3805465 at *4 (quoting *Zukas*, 843 F.2d at 181-82).

A brief investigative stop does not become an arrest even where the plaintiff is detained at gunpoint, handcuffed, and placed in a police car because "'police may take reasonable actions under the circumstances to ensure their own safety, as well as the safety of the public, during an encounter with a suspect.'" *U.S. v. Esquivel*, 2014 WL 3362144, *2 (5th Cir. July 10, 2014) (quoting *U.S. v. Abdo*, 733 F.3d 562, 565 (5th Cir. 2013)); *see also U.S. v. Campbell*, 178 F.3d 345, 349-50 (5th Cir. 1999) (*Terry* stop lasted between 10 and 25 minutes while suspect was ordered at gunpoint to lie on the ground and was handcuffed). In this case, Plaintiff alleges that he was detained for 15 minutes. During that time, he was handcuffed in the back seat of Captain Ott's police car.

Under these circumstances, Plaintiff was subjected to an investigative detention and was not subjected to a formal arrest. Therefore, Plaintiff's claim is for unlawful detention, which requires Plaintiff to allege "(1) a detention occurred; and (2) the detention was not based on reasonable suspicion supported by articulable facts that criminal activity was occurring." *See Coons v. Lain*, 227 F. App'x 467, 470 (5th Cir. May 8, 2008) (citing *Terry*, 392 U.S. at 30).

**B.     Qualified Immunity for Investigative Detention**

For purposes of the second-tier investigative detention, "[p]olice may detain an individual if the officer has a reasonable suspicion based on specific and particularized facts that the person is involved in criminal activity." *Massi*, __ F.3d at __, 2014 WL 3805465 at *5 (citing *Terry*, 392 U.S. at 21-22).  The *Terry* inquiry "involves examining whether the initial [police] action was justified and, then, determining whether any subsequent action was reasonably related in scope to either the circumstances that justified the stop or to dispelling a reasonable suspicion that developed during the stop." *Id.* (citing *United States v. Brigham*, 382 F.3d 500, 506-07 (5th Cir. 2004) (*en banc*)).  "Any analysis of reasonable suspicion is necessarily fact-specific, and factors which by themselves may appear innocent, may in the aggregate rise to the level of reasonable suspicion." *Id.* (quoting *United States v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999)).  "The facts leading to a finding of reasonable suspicion do not have to be based on a law enforcement officer's personal observation, but can also arise from the 'collective knowledge' of law enforcement entities, so long as that knowledge gives rise to reasonable suspicion and was communicated between those entities at the time of the stop." *Id.* (citing *Ibarra-Sanchez*, 199 F.3d at 759-60).  Law enforcement officers who reasonably but mistakenly conclude that reasonable suspicion is present to justify a brief

investigatory detention are entitled to qualified immunity. *See Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000).

Because Sgt. Masden has raised the qualified immunity defense in a motion to dismiss, the Court must decide the issue based on the allegations in Plaintiff's First Amended Complaint. *See Behrens*, 516 U.S. at 309. Plaintiff alleges that he was behaving in a calm, non-threatening manner, that he was obedient to all orders given by law enforcement, and that he had not committed any crime. *See* First Amended Complaint, ¶ 18. Plaintiff alleges that Sgt. Masden knew that he was the owner of the property and the damaged fence. *See id.*, ¶ 14. Plaintiff alleges that Sgt. Masden arrived after he had placed the shotgun by a tree and was holding the camera to photograph the damage to the fence. *See id.*, ¶ 13. Accepting Plaintiff's allegations as true for purposes of the motion to dismiss, the Court cannot at this stage of the proceedings conclude that Sgt. Masden is entitled to qualified immunity as a matter of law. *See Coons v. Lain*, 277 F. App'x 467, 471 (5th Cir. May 8, 2008).[3]

## IV.    CONCLUSION AND ORDER

Based on the foregoing, it is hereby

---

[3] In *Coons*, unlike the case before this Court, there was no allegation that the defendant was responding to another officer's call for backup reporting that there was a man with a gun at the scene.

**ORDERED** that Defendant Masden's Motion to Dismiss [Doc. # 9] is **DENIED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, this 9th day of **September, 2014**.

*/s/ Nancy F. Atlas*
Nancy F. Atlas
United States District Judge