IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY FRAKES, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-14-1753 |
| § | |
| SERGEANT BILLY MASDEN, *et al.*, § | |
|     Defendants. § | |

## **MEMORANDUM AND ORDER**

This civil rights case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 33] filed by Defendant Sergeant Billy Masden, asserting qualified immunity. Plaintiff Gary Frakes filed a Response [Doc. # 36], Masden filed a Reply [Doc. # 38], and Plaintiff filed a Surreply [Doc. # 39]. Having reviewed the full record and applicable legal authorities, the Court **grants** Masden's Motion for Summary Judgment.

**I.     BACKGROUND**

For purposes of Masden's Motion for Summary Judgment on qualified immunity, the material facts are either uncontroverted or viewed in the light most favorable to Plaintiff. Plaintiff is a 67-year-old retired veterinarian who lives in Magnolia, Texas. On several occasions, usually when the road in front of Plaintiff's house was wet, drivers crashed into and damaged his fence. In connection with these

incidents involving damage to his fence, Plaintiff had several confrontational encounters with tow-truck drivers, fire fighters, emergency medical personnel, and law enforcement officials. Plaintiff also had confrontational encounters with employees of the electric company, which resulted in the company moving its equipment to a different location where it could be maintained without accessing Plaintiff's property. *See* Video of Incident on April 27, 2013, Exh. 8 to Motion.

On June 11, 2013, Plaintiff received a telephone call that a vehicle had damaged his fence. Plaintiff took his camera, his shotgun, and a box of shotgun shells to the accident scene. Captain Dustin Ott with the City of Stagecoach Police Department, and the local fire department had already arrived.

Plaintiff was carrying the shotgun with the muzzle pointing in Ott's direction, although Plaintiff did not have the shotgun shouldered and aimed at Ott or any other individual. Ott asked Plaintiff why he had a shotgun with him, and Plaintiff responded that he had a right to carry a shotgun on his own property. It is undisputed that Ott drew his firearm and called for backup. After Ott called for backup and before the backup arrived, Plaintiff placed the shotgun against a tree on his property.

Masden, a sergeant with the Montgomery County Constable's Office, received Ott's call for backup, in which Ott stated that he needed "another unit out here real fast, he's got a gun in his hand." *See* Affidavit of Billy Masden, Exh. 6 to Motion,

¶ 2. Ott did not state whether the "gun in his hand" was a shotgun or a hand gun. When Masden arrived at the scene, Ott informed him that Plaintiff was the man with the gun. Plaintiff told Masden that he was the property owner, that he was taking photographs, and that he was allowed to carry a shotgun on his own property. Plaintiff repeatedly told Ott and Masden that it is legal to carry a shotgun on your own property.

Plaintiff testified that Masden grabbed him, searched him, handcuffed him, and placed him in the back of Ott's patrol vehicle. It is undisputed that Masden found the box of shotgun shells in Plaintiff's pocket.

Plaintiff has presented his own testimony that it was very hot in the police car and that the handcuffs were too tight. Plaintiff alleged in his First Amended Complaint and testified in his deposition that he was in the police car for about 15 minutes, but recently stated in his Affidavit that it was closer to 30 minutes. While Plaintiff was in Ott's vehicle, Texas Department of Public Safety ("DPS") Trooper Jared Gray arrived on the scene. The incident from that moment forward was video recorded on the dashboard camera in Gray's DPS vehicle. *See* Dashcam Video, Exh. 1 to Motion. Plaintiff was then released from the car, the handcuffs were removed, and Plaintiff was allowed to take photographs of the scene.

Plaintiff filed this lawsuit against Masden and Ott, each in his individual capacity. Plaintiff alleges that Masden and Ott violated his constitutional rights "when they detained and arrested him and searched him, and put . . . him in the stifling squad car without probable cause or reasonable suspicion." *See* First Amended Complaint [Doc. # 7], ¶ 22. Based on the allegations in the First Amended Complaint, the Court denied Masden's Motion to Dismiss by Memorandum and Order [Doc. # 13].[1]

Masden has now moved for summary judgment. Masden seeks summary judgment that he is entitled to qualified immunity on both the search and seizure claim and the excessive force allegations. The Motion has been fully briefed and is now ripe for decision.

## II.  APPLICABLE LEGAL STANDARDS

### A.  Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the

---

[1] Plaintiff argues that the Court's denial of Masden's Motion to Dismiss is "essentially" a denial of the Motion for Summary Judgment. *See* Response, p. 4; Surreply, p. 4. This is incorrect. The standards for motions to dismiss and for motions for summary judgment are entirely different. Indeed, the Court's denial of the Motion to Dismiss was based on an acceptance of Plaintiff's allegations as true and was specifically without prejudice to the issue being raised on summary judgment. *See* Memorandum and Order [Doc. # 13], pp. 8-9.

existence of an element essential to his case and on which he will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012).  If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Nonetheless, the Court assigns "greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Buchanan v. Gulfport Police Dept.*, 530 F. App'x 307, 311 (5th Cir. June 4, 2013) (quoting *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)). Specifically, the Court "need not rely on the plaintiff's description of the facts where the record discredits that description but should instead consider the facts in the light depicted by the videotape." *Id.* (quoting *Carnaby*, 636 F.3d at 187).

A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*,

276 F.3d 736, 744 (5th Cir. 2002); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000). Moreover, "it is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996)); *accord Doe v. Dallas Independent School District*, 220 F.3d 380, 385-87 (5th Cir. 2000); *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 482 (5th Cir. 2002). Nevertheless, when an affidavit merely supplements or clarifies, rather than contradicts prior deposition testimony, a court may consider the affidavit when evaluating genuine issues in a motion for summary judgment. *S.W.S. Erectors*, 72 F.3d at 496.

**B.     Standard for Qualified Immunity**

Qualified immunity shields a government official performing discretionary functions from civil liability unless his conduct violated a constitutional right that was "clearly established" that the time of the challenged conduct. *See Plumhoff v. Richard*, __ U.S. __, 134 S. Ct. 2012, 2023 (2014); *Ashcroft v. al-Kidd*, 563 U.S. __, 131 S. Ct. 2074, 2080 (2011); *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A constitutional right is clearly established when the contours of the right were so definite that "any reasonable official in the defendant's shoes would have understood that he was violating it." *See Plumhoff*, 134 S. Ct. at 2023; *Trent v. Wade*, 776 F.3d 368, 383 (5th Cir. 2015).

The Court must also consider whether the defendant's conduct "would, as a matter of law, be objectively unreasonable in light of clearly established law." *Id*. at 376; *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (*en banc*). "[A] defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001) (emphasis in original); *see also Dawson v. Anderson Cnty., Tx.*, 566 F. App'x 369, 370 (5th Cir. May 6, 2014). The Court must not define "clearly established law at a

high level of generality since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *See Plumhoff*, 134 S. Ct. at 2023 (internal quotation omitted).

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 119 (2012) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*)); *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010). To avoid summary judgment on qualified immunity, a plaintiff in a § 1983 case must present evidence that, if proved, would overcome the individual defendant's qualified immunity defense. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988); *Cobb v. City of Harahan*, 516 F. App'x 337, 340 (5th Cir. Mar. 11, 2013).

### III. ANALYSIS

#### A. Qualified Immunity on Search and Seizure Claim

***Detention Versus Arrest***.– Plaintiff alleges that Sgt. Masden violated his rights under the Fourth and Fourteenth Amendments. The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, guarantees individuals the right to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV.

There are different "tiers of citizen-police contact for purposes of fourth amendment analysis." *U.S. v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014) (citations omitted). The first tier involves communications between police and citizens that involve "no coercion or detention and [do] not implicate the fourth amendment." *Id.* (quoting *U.S. v. Zukas*, 843 F.2d 179, 181 (5th Cir. 1988)). The second tier of contact involves a brief seizure for investigative purposes that requires reasonable suspicion – "'specific and articulable facts, which taken together with rational inferences from these facts reasonably warrant an intrusion.'" *Zukas*, 843 F.2d at 181 (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). "The third tier is 'a full scale arrest [which] must be supported by probable cause.'" *Massi*, 761 F.3d at 520 (quoting *Zukas*, 843 F.2d at 181-82).

A brief investigative stop does not necessarily become an arrest even where the plaintiff is detained at gunpoint, handcuffed, and placed in a police car because "'police may take reasonable actions under the circumstances to ensure their own safety, as well as the safety of the public, during an encounter with a suspect.'" *U.S. v. Esquivel*, 575 F. App'x 270, 273 (5th Cir. July 10, 2014) (quoting *U.S. v. Abdo*, 733 F.3d 562, 565 (5th Cir. 2013)); *see also U.S. v. Campbell*, 178 F.3d 345, 349-50 (5th Cir. 1999) (*Terry* stop not a violation of the Fourth Amendment when the encounter lasted between 10 and 25 minutes while suspect was ordered at gunpoint to lie on the

ground and was handcuffed). In this case, Plaintiff alleges that he was detained for 15 to 30 minutes. During that time, he was handcuffed and seated in the back seat of Ott's police car. Ott was attempting to complete his investigation of the motor vehicle accident, while Masden was verifying that the "man with a gun" did not pose a threat to other individuals at the scene.

Under these circumstances, Plaintiff was subjected to an investigative detention and was not subjected to a formal arrest. Therefore, Plaintiff's claim is for unlawful detention, which requires Plaintiff to allege "(1) a detention occurred; and (2) the detention was not based on reasonable suspicion supported by articulable facts that criminal activity was occurring." *See Coons v. Lain*, 227 F. App'x 467, 470 (5th Cir. May 8, 2008) (citing *Terry*, 392 U.S. at 30).

***Qualified Immunity for Investigative Detention***.– For purposes of the second-tier investigative detention, "[p]olice may detain an individual if the officer has a reasonable suspicion based on specific and particularized facts that the person is involved in criminal activity." *Massi*, 761 F.3d at 521 (citing *Terry*, 392 U.S. at 21-22). The investigative detention or *Terry* inquiry "involves examining whether the initial [police] action was justified and, then, determining whether any subsequent action was reasonably related in scope to either the circumstances that justified the stop or to dispelling a reasonable suspicion that developed during the stop." *Id.* (citing

*U.S. v. Brigham*, 382 F.3d 500, 506-07 (5th Cir. 2004) (*en banc*)). "Any analysis of reasonable suspicion is necessarily fact-specific, and factors which by themselves may appear innocent, may in the aggregate rise to the level of reasonable suspicion." *Id.* (quoting *U.S. v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999)). "The facts leading to a finding of reasonable suspicion do not have to be based on a law enforcement officer's personal observation, but can also arise from the 'collective knowledge' of law enforcement entities, so long as that knowledge gives rise to reasonable suspicion and was communicated between those entities at the time of the stop." *Id.* (citing *Ibarra-Sanchez*, 199 F.3d at 759-60). Law enforcement officers who reasonably but mistakenly conclude that reasonable suspicion is present to justify a brief investigatory detention are entitled to qualified immunity. *See Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000).

In this case, the undisputed evidence establishes that Plaintiff arrived at the accident scene with a firearm pointing in Ott's direction. Plaintiff's presence at the scene with the firearm was sufficiently threatening that Ott drew his firearm and called for backup. Masden received Ott's call for backup, in which Ott stated that he needed "another unit out here real fast, he's got a gun in his hand." Masden arrived at the scene having received information that an officer needed assistance because there was a man with a gun in his hand at the scene where a motor vehicle accident was being

investigated. At that point, Masden had reasonable suspicion that Plaintiff was committing the offenses of disorderly conduct or interference with public duties. A person commits the offense of "disorderly conduct" if he intentionally and knowingly displays a firearm in a public place in a manner calculated to alarm. *See* TEX. PEN. CODE § 42.01. Plaintiff is heard on the video of the incident saying that he knew bringing the shotgun to the scene was going to cause the officers and other first responders there to "get upset." A person commits the offense of "interference with public duties" if the person with criminal negligence "interrupts, disrupts, impedes, or otherwise interferes with" a law enforcement officer in the performance of his duties. *See* TEX. PEN. CODE § 38.15(a). It is clear that Plaintiff's presence at the scene with a firearm interrupted Ott in the performance of his duties investigating the accident and required him to deal with Plaintiff.

Masden knew that Ott reported Plaintiff had a gun. Although Plaintiff had placed the shotgun against a tree by the time Masden arrived, there is no evidence that Masden saw it there. Plaintiff admits that he did not tell Masden that the gun was against the tree. Additionally, Masden did not know whether the gun that prompted Ott's call for backup was a shotgun or a hand gun. Knowing only that Plaintiff had a gun in his hand at one point and not knowing the current location of that gun, Masden reasonably and justifiably believed that he could conduct a brief investigatory

detention of Plaintiff while he determined whether Plaintiff presented a threat to Ott and other individuals present at the accident scene. The fact that Ott's vehicle was hot during the 15 to 30 minutes of Plaintiff's detention does not cause the otherwise reasonable detention to become unreasonable. *See, e.g., Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding whether Masden's handcuffing him and placing him in a hot police car for 15 to 30 minutes was objectively unreasonable in light of the circumstances and clearly established law. As a result, Masden is entitled to summary judgment on his claim of qualified immunity for Plaintiff's claim of unlawful detention.

### B. <u>Qualified Immunity on Excessive Force Claim</u>

A claim that a law enforcement officer used excessive force to effect a detention is governed by the Fourth Amendment's "reasonableness" standard. *See Plumhoff*, 134 S. Ct. at 2020 (citing *Graham v. Connor*, 490 U.S. 386 (1989); *Tennessee v. Garner*, 471 U.S. 1 (1985)); *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012). "In the qualified immunity context, a plaintiff must show the following to succeed on an excessive force claim: '(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable.'" *Carlton v. C Fearnehough*, 2008 WL 686595, *2 (5th

Cir. Mar. 12, 2008) (quoting *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)); *see also Luna v. Mullenix*, 773 F.3d 712, 719 (5th Cir. 2014). The objective reasonableness of the force used "is determined by balancing the amount of force used against the need for that force, taking the perspective of a reasonable officer on the scene without the 20/20 vision of hindsight." *See Buchanan v. Gulfport Police Dept.*, 530 F. App'x 307, 312 (5th Cir. June 4, 2013) (citing *Graham*, 490 U.S. at 396). An excessive force claim "is separate and distinct from [an] unlawful arrest claim, and [the Court] must therefore analyze the excessive force claim without regard to whether the arrest itself was justified." *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007); *see also Brown v. Lynch*, 524 F. App'x 69, 79 n.33 (5th Cir. Apr. 16, 2013).

First, Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding his alleged injuries. "Although a showing of significant injury is no longer required in the context of an excessive force claim, we do require a plaintiff asserting an excessive force claim to have suffered at least some form of injury." *Glenn*, 242 F.3d at 314. "The injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed." *Id.*; *see also Galada v. Payne* 421 F. App'x 460, 462 (5th Cir. 2011).

Plaintiff claims that Masden forcefully pulled his arm behind his back, handcuffed him too tightly, and left him in Ott's hot car for 15 to 30 minutes. Plaintiff

does not allege or present evidence of any injury resulting from being in the hot car. Instead, Plaintiff complains that the officers did not care about his comfort. *See* Deposition of Gary Frakes, Exh. 2 to Motion, p. 121. In any event, merely leaving a detainee in a hot vehicle for 15 to 30 minutes is not excessive under Fifth Circuit legal authority. *See, e.g., Freeman*, 483 F.3d at 417; *Glenn*, 242 F.3d at 314.

Plaintiff states that his arm hurt from being raised behind his back, that his wrists hurt from the tight handcuffs, and that he is now "in fear of the police. . .." *See* Declaration of Gary D. Frakes, Exh. 1 to Response, ¶¶ 15, 20. Plaintiff admitted in his deposition, however, that he had neither sought nor obtained any medical treatment for his arm or wrists. *See* Frakes Depo. at 120. There is no evidence that he has sought counseling or other psychological treatment for his alleged "fear" of the police. Moreover, the Dashcam Video of the incident shows Plaintiff after the handcuffs were removed and he was no longer in Ott's vehicle. At that time, Plaintiff was speaking freely and amicably with Trooper Gray with no indication that he was fearful in any way. Plaintiff had no observable marks on his wrists and was vigorously waving and otherwise moving his arms. *See* Dashcam Video, Exh. 1 to Motion. "[M]inor, incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest do not give rise to a constitutional claim for excessive

force." *Freeman*, 483 F.3d at 417; *see also Glenn*, 242 F.3d at 314; *Brown*, 524 F. App'x at 79 n.39.

Additionally, the minimal force used – pulling Plaintiff's arm behind his back and handcuffing him tightly – was not clearly excessive to the need to detain Plaintiff until Masden could ascertain where Plaintiff's gun was and verify that it was not readily accessible to Plaintiff. It was not objectively unreasonable to pull an arm behind a detainee's back and handcuff him briefly when that detainee has appeared with a firearm at a scene being investigated by law enforcement.

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding any injuries resulting from the alleged use of force that were not de minimis and that were sufficient to support an excessive force claim. Under the uncontested circumstances in this case, the use of force by Masden, as described by Plaintiff, was neither clearly excessive nor objectively unreasonable. Masden is entitled to summary judgment on his assertion of qualified immunity on the excessive force claim.

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, it is hereby

**ORDERED** that Defendant Masden's Motion for Summary Judgment [Doc. # 33] is **GRANTED** and all claims against Defendant Masden are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this **13th** day of **April, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE